### SERVICE OF SUMMONS AT RESIDENCE CONTRADICTED.

Circuit Court of Cuyahoga County.

LEWIS MAYER ET AL, PARTNERS AS MAYER, SCHEUER, OFFNER & CO. v. THOMAS H. GROVES.

Decided, November 9, 1910.

*Judgment—Vacating for Want of Service—Evidence.*

A judgment will not be vacated because of no service on the defendant, where the evidence contradicting the return of the sheriff of residence service is not clear and convincing.

*Burrows & Mason,* for plaintiffs in error.
*Kline, Tolles & Morley,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The facts in this case are that on the 17th day of May, 1899, the plaintiffs filed a petition in the court of common pleas of this county against the defendant; that on the same day a summons was issued to the defendant on said petition, addressed to the sheriff of said county. Said summons was duly returned into

court on the 24th day of May, 1899, with the following endorsement:

"State of Ohio, Cuyahoga County, ss: On the twenty-third day of May, 1899, I served this writ on the within named Thomas H. Groves, by leaving a true and certified copy thereof at his usual place of residence. Thomas F. McConnel, by John J. Many, Deputy."

On the first day of June, 1899, appears this entry on the docket of the court of common pleas in this case:

"June 1, 1899, to court: Leave to answer by July, '99. Journal 135, p. 355."

No answer or other pleading was ever filed in said cause by the defendant, and on the 11th day of March, 1901, the case coming on regularly to be heard upon the petition of the plaintiff, a jury was empanneled and sworn; the plaintiff offered its evidence; the jury found for the plaintiff and assessed its damages at $1,441.16, and interest at 6% from the 4th day of January, 1901, together with a recovery for costs.

On the 12th day of August, 1899, a petition in involuntary bankruptcy was filed in the District Court of the United States and for the Eastern Division of the Northern District of Ohio, and among the debts scheduled in the proceedings filed in said petition in said district court, was of the indebtedness upon which the plaintiffs recovered their judgment.

On the 9th day of June, 1900, the defendant was discharged in said bankruptcy proceedings.

On the 19th day of July, 1909, a motion was filed in the Court of Common Pleas of Cuyahoga County to vacate said judgment so obtained by the plaintiff on the ground that no service of summons was ever made upon the defendant, and that he had no notice of the institution or pendency of the action in which said judgment was taken, and that he had no knowledge that he had been sued in said action until the 20th day of April, 1909,

Upon the hearing of said motion on the 20th day of December, 1909, the same was granted and said judgment was suspended until the final adjudication of the facts claimed by the defendant. Thereupon, on the same date, the defendant filed his answer in

said cause, setting up said bankruptcy proceedings and his discharge therein. On the 29th day of January, 1910, the cause came on for hearing in said court of common pleas and judgment was rendered in favor of the defendant. The present proceeding is brought seeking to reverse the order setting aside said judgment. That motion was heard upon the evidence, all of which is before us in a bill of exceptions. From this evidence it is urged that the court was not justified in making said order of vacation. We have no doubt of the authority of the court to make the order, if the facts were as claimed by the defendant as to the service of the summons and his want of knowledge of the pendency of the action in which the judgment was taken. The evidence on which the defendant relies is the testimony of himself and wife. He testifies in positive terms that no summons was served upon him nor to his knowledge left at his residence. He says in an affidavit which was introduced in evidence on said motion, that at the time said summons appears by the return of the sheriff to have been served upon him, he resided near the corner of Euclid and East Madison avenues in the city of Cleveland, in said county, and that the house was occupied by none other than himself and wife at the time. He further says that he never received a copy of the summons and never had any knowledge of the institution of the suit until the 20th of April, 1908; that during the months of May, June and July, 1899, the Hon. E. J. Blandin, an attorney in Cleveland, was his attorney, whom he consulted on all legal matters in which he was then involved, and that he never authorized him or any other attorney to appear in said suit for the purpose of obtaining extension of time for answer or for any other purpose.

His wife, in an affidavit filed in evidence on the hearing of the motion says that during the month of May, 1899, she and her husband resided in the house mentioned by the defendant in his affidavit; that at the time the only inhabitants of the house were herself and her husband, and she says:

"I was at home during the month of May, 1899, and no copy of a summons issued by the Court of Common Pleas of Cuyahoga County was left at our residence during that month, and

I never knew of the institution of the above entitled action or of the recovery of a judgement against my husband thereon until April, 1909.''

So far as this statement of Mrs. Groves is concerned, it may be true, as far as it went, and still a summons may have been served at that residence as stated. in the return of the sheriff. She does not say that she was at home ''all'' of that month, and even if she did, it might well be that using the words in the sense in which people ordinarily use the words ''I was at home during the entire month'' it would not mean that she was not out of the house at any time during said month, or that she' might not have been away for many hours, or some particular day of that month, or absent for a considerable part of several days.   Judge Blandin's affidavit as filed shows that he never appeared for the defendant in this action, nor had he any knowledge that such action was pending.   On the other hand is the evidence of the return of the sheriff.   This can only be overturned by clear and convincing evidence, as was said by this court in the opinion delivered on the 21st day of February, 1905, in the case of *John C. Keefe* v. *James W. Everden.*

Next is the entry on the court docket, showing an extension of time for answer in the then pending action in the court of common pleas.   This extension was made before the answer was due and extended the time but two weeks beyond which the defendant would have been required to answer had no extension been given.   Yet it is inconceivable that the court should have made this entry on its own volition.   Somebody must have appeared and asked for this extension, and it can hardly be doubted that, whoever this person was, concerning which the record is silent, he was an attorney, recognized by the court, or it was the defendant himself.   Presumably it was an attorney at law, and it would require strong evidence to convince one that an attorney, without any authority in the premises whatever from the defendant, should have appeared and made the application.   There is further the affidavit of Mr. George H. Burrows, a reputable attorney of this bar, filed about the 1st of June, 1899, who had a conversation with the defendant in which the defendant said: ''I am sorry you brought the suit

against me for Mayer, Scheuer, Offner & Company for the reason that the claim is large and it is apt to bring other creditors upon me.'' He says further that in that conversation Mr. Groves said to him (Burrows) that Mr. Frank Skeels, who was then an attorney practicing in Cuyahoga county, Ohio, represented him in the matter of Mayer, Scheuer, Offner & Co., as well as in a number of other cases which were pending against him before justices of the peace.

In another affidavit Mr. Burrows testifies that he had a talk with Mr. S. H. Tolles, an attorney at this bar, in the spring of, or summer of 1901, in which Mr. Tolles said to him that Groves had written to him about this judgment and that he had decided to take no action whatever in the matter; that Groves had received his discharge in bankruptcy and that the judgment was absolutely worthless against Groves. Mr. Tolles files his affidavit in which he says that he has no recollection of any such conversation with Mr. Burrows, nor of having received any letter from Groves on this subject, and that he is unable to find any such letter in the files of his office. Mr. Burrows produces copies of a considerable number of letters written by him or his firm to Mayer, Scheuer, Offner & Co. after the suit was brought. One of these letters is dated July 15, 1899, in which it is stated that the attorney for Mr. Groves had telephoned Mr. Burrows that he was trying to arrange to raise money to avoid the litigation, and requested that no snap judgment should be taken on him and that they would not file an answer for a little time if Burrows would consent not to take a judgment until after the date of the letter. Another letter of August 9, 1899, written by Burrows to his clients, says that he had a talk that day with Groves in which Groves said that they would soon be able to pay something. Other letters were introduced which tended to show that either Mr. Burrows was preparing himself to be able to say that Groves knew of the pendency of the action or else Burrows in the letters told the truth.

There is also filed the affidavit of W. E. Rice, a reputable attorney of this bar, not now a practicing lawyer at this bar, but a reputable man, and at the time this judgment was taken a

partner with Mr. Burrows in the practice of law; he says in his affidavit: "that subsequent to the filing of the petition in the case within a week or ten days, he saw Groves and Groves told him not to carry out the suit to judgment and he would pay the claim of the plaintiffs in weekly installments." He says that Groves talked freely about the suit having been brought, saying that he was sorry that the attorneys for the plaintiffs had been so expeditious in bringing the suit, as it only added to the expense and they would not get the money any quicker by reason of the suit.

From this and the other evidence introduced on the hearing of the motion it seems to us that not only was the evidence clear and convincing that Groves was not served with summons but that it is on the other hand clear that he was and that in any event he knew of the pendency of that suit at the time it was pending and before judgment was entered in it.

The result is that the judgment of the court of common pleas must be reversed and the cause remanded.